**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
Beatriz Yolanda Garcia Henao,

                Petitioner,

    - against -

Kenneth Genalo; Kristi Noem; Pamela Bondi;
Acting Director Todd Lyons,

                Respondents.

----------------------------------------------------------X

                          **ORDER TO SHOW CAUSE**

                          No. 26-CV-01179 (RER)

**RAMÓN E. REYES, JR., District Judge:**

This case has been assigned to me for all purposes.

**To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the petition is resolved.** *See, e.g., Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction") (citation omitted); *Garcia-Izquierdo v. Gartner*, No. 04 Civ. 7377 (RCC), 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed . . . when a stay is necessary to preserve the Court's jurisdiction of the case"); *Khalil v. Joyce*, No. 25 Civ. 1935 (JMF), ECF No. 9 (S.D.N.Y. Mar. 10, 2025) (barring the government from removing petitioner from the United States until the Court could address his claim); *cf. Michael v. I.N.S.*, 48 F.3d 657, 661–62 (2d Cir. 1995) (holding that the All Writs Act provides a federal court of appeals reviewing a final removal order with a basis to stay removal).

**It is further ORDERED that absent further order of this Court Petitioner shall not be transferred except to a facility within this District.** *See Ozturk v. Trump*, No. 25-CV-374 (WKS), 2025 WL 1145250, at *22–23 (D. Vt. Apr. 18, 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), *stay and mandamus denied*, *Ozturk v. Hyde*, 136 F.4th 382, 403 (2d Cir. 2025); *Westley v. Harper*, No. 25-CV-229 (BWA) (KWR), ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747 (VEC), ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20-CV-22999 (MGC), ECF No. 13 (S.D. Fl. July 26, 2020) (granting a stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay"); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

**It is further ORDERED that Respondents show cause in writing on or before March 6, 2026, why a writ of habeas corpus should not be issued.** Respondents shall include all documentation related to Petitioner's February 27, 2026, arrest and detention, including, but not limited to:

1. The issuance of a "Notice to Appear" (NTA) related to a removal process related to the Petitioner;

2.  Any arrest warrant (I-200) issued for the Petitioner's apprehension;

3.  Any individualized custody determination relating to Petitioner made by an Immigration and Customs Enforcement officer prior to or contemporaneously with his arrest;

4.  Any "Notice of Custody Determination" that had been prepared by DHS and/or provided to Petitioner; and

5.  Whether any such detention determination was made as a matter of discretion, or part of a mandatory policy and what factors were considered in reaching the result.

*See Gopie v. Lyons*, No. 25-CV-05229 (SJB), 2025 WL 3167130, (E.D.N.Y. Nov. 13, 2025); *Clarke v. Nassau Cnty. Corr. Ctr. et al*, No. 25-CV-06773 (GRB), ECF No. 7 (E.D.N.Y. Dec. 9, 2025).

**It is further ORDERED that Petitioner shall file a reply, if any, by March 9, 2026.**

**The Court will hold a hearing on the Order to Show Cause and petition on March 12 at 11:15 A.M., in Courtroom 2E North, Theodore Roosevelt Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201.**

SO ORDERED.


/s/ Ramón E. Reyes, Jr.
RAMÓN E. REYES, JR.
United States District Judge

Dated: March 2, 2026
        Brooklyn, New York

3